IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                   NO. 27,667

DARYL HARVEY WILLIAMS,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary King, Attorney General
Santa Fe, NM
Joel Jacobsen, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

    Defendant appeals his convictions for voluntary manslaughter and aggravated assault with a deadly weapon. On appeal, Defendant challenges the trial court's ruling to exclude evidence of Jeremiah Nelson's (Victim) criminal record through the

testimony of Victim's sister, Amanda Jackson (Jackson), whose testimony Defendant argues is relevant to his theory of self-defense. For the reasons that follow, we affirm.

**I.     BACKGROUND**

As a consequence of events occurring in the early morning hours of July 14, 2006, Defendant was charged with murder in the second degree, conspiracy to commit assault with intent to commit a violent felony, two counts of assault with intent to commit a violent felony, aggravated battery with a deadly weapon, and tampering with evidence. Following a jury trial, Defendant was convicted of the lesser included offense of voluntary manslaughter and aggravated assault with a deadly weapon.

The underlying facts are not in dispute. Defendant stabbed Victim several times with a knife after Victim threatened Defendant and his co-defendant, Daryl Begaye, with a sawed-off shotgun. Victim ultimately died from the wounds inflicted by Defendant. At trial, Defendant argued that his actions were in self-defense and that he was trying to protect his co-defendant.

The State's first witness at trial was Jackson. Jackson testified that she had been "hanging out" with Victim and others that evening and was a witness to the stabbing. On cross examination, Defendant's first question to Jackson was, "Ms. Jackson, [Victim] has a prior felony conviction for aggravated battery . . ." Before the question was fully articulated, the State objected arguing that Defendant had not laid

the proper foundation for such a question and that there were limits with regard to how evidence of Victim's criminal history could be introduced, given that Defendant intended to proceed on the theory of self-defense. Specifically, the State argued that

> if they're doing a self-defense argument, they could let it in with respect to what [Defendant] knew of [Victim's] prior felonies, as to whether or not it created a sense of fear in [Defendant's] mind[], and not whether or not he was acting in conformity. I mean, (inaudible) prior felonies, we don't want to show conformity, we want to show whether or not [Defendant] knew of these felonies, whether or not (inaudible) have a fear to act the way they act. [Jackson] is not the person to get these felonies in.

The trial court sustained the State's objection, noting that this particular line of questioning was "premature" and inadmissible through this witness. The judge stated, however, that he would consider taking judicial notice of Victim's prior criminal convictions if defense counsel laid the appropriate foundation to permit him to do so.

Toward the end of the trial, Defendant testified. Defendant described specific events illustrating Victim's propensity for violence and the regularity with which Victim carried guns. He also testified that he was afraid of Victim that night because he had been told that Victim had guns and a "Rambo knife." However, Defendant was never asked and never testified about his knowledge of Victim's prior criminal convictions or any discussions he had with Jackson about those convictions. On appeal, Defendant concedes that he was not "prevented from discussing [his] knowledge of [Victim's] criminal record" at trial.

## II. DISCUSSION

The sole issue on appeal is whether the trial court abused its discretion by not permitting defense counsel to introduce evidence of Victim's prior criminal convictions through the testimony of Jackson. Defendant argues that "[h]ad [Defendant] been able to present evidence of [Victim's] violent firearms felonies through [Jackson], [it] would have helped demonstrate [Defendant's] apprehension of [Victim], an element of [Defendant's] self-defense claim." "[W]e review a trial court's admission or exclusion of evidence for abuse of discretion." *State v. Armendariz*, 2006-NMSC-036, ¶ 6, 140 N.M. 182, 141 P.3d 526.

Defendant sought to introduce specific instances of Victim's prior criminal convictions through the testimony of Jackson in order to show that Victim was a violent person and to substantiate Defendant's self-defense claim. When a defendant is claiming self-defense, his apprehension of the victim is an essential element of the claim. Thus, admissibility of Victim's prior criminal record was sought on the basis of Rule 11-405(B) NMRA, which provides: "In cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may also be made of specific instances of that person's conduct." Rule 11-405 creates an exception to the general rule that only reputation or opinion testimony is permitted to prove a character trait. The application of Rule 11-405(B) has been discussed in detail

4

by our Supreme Court in *Armendariz*, which the parties agree to be controlling in this case. *Armendariz*, 2006-NMSC-036.

In *Armendariz*, the defendant argued that he should have been allowed to demonstrate that the victim had a propensity for violence and aggression because such testimony was relevant to his defense that the victim was the first aggressor. Specifically, the defendant sought to introduce evidence of specific instances of the victim's violent conduct— two acts of domestic violence— through the testimony of the victim's widow. *Armendariz*, 2006-NMSC-036, ¶¶ 6-8. The trial court upheld the state's objection and our Supreme Court affirmed. *Id.* ¶ 30. The Court addressed and clarified that under Rule 11-405(B), evidence of specific instances of a victim's prior violent conduct may not be admitted to show that the victim was the first aggressor when the defendant is claiming self-defense. *Armendariz*, 2006-NMSC-036, ¶ 17. In discussing Rule 11-405(B), the Court noted that the New Mexico Rules of Evidence "only allow evidence of specific instances of a person's conduct when the character or character trait of that person is an essential element of a charge, claim, or defense." *Armendariz*, 2006-NMSC-036, ¶ 17. "When a defendant is claiming self-defense," the Court stated, "his or her apprehension of the victim is an essential element of his or her claim." *Id.* Accordingly, the Court held that "under Rule 11-405(B), evidence of specific instances of the victim's prior violent conduct *of*

5

*which the defendant was aware* may be admitted to show the defendant's fear of the victim." *Armendariz*, 2006-NMSC-036, ¶ 17 (emphasis added). Our Supreme Court upheld the trial court's exclusion of the evidence of specific instances of prior domestic violence between the victim and his wife under Rule 11-405(B). In doing so, it determined that only reputation or opinion evidence about the victim could be admitted to show that the victim was the first aggressor. *Armendariz*, 2006-NMSC-036, ¶ 17.

*Armendariz* is also on point in the present case. In this case, Defendant claims that he should have been allowed to show Victim's prior criminal convictions through the testimony of Jackson in order to demonstrate his fear of Victim and establish his self-defense claim. However, as the State argues, Defendant failed to lay a proper foundation regarding how Jackson's knowledge of Victim's prior criminal record related to Defendant's own awareness of those convictions. Although the trial court sustained the State's objection based on lack of foundation, it did not foreclose Defendant from recalling Jackson once it was established that Defendant knew of Victim's criminal record. For reasons unknown, Defendant chose not to lay the necessary foundation. Our review of the record reveals that Defendant never made another attempt to elicit testimony about Victim's prior criminal record through any witness, including Jackson.

Defendant failed to provide any evidence establishing his own knowledge of Victim's prior criminal record. Jackson's testimony about Victim's convictions was therefore impermissible under Rule 11-405(B) and for the reasons stated in *Armendariz*, 2006-NMSC-036, ¶¶ 17-18. Accordingly, we conclude that the trial court did not abuse its discretion.

**III.    CONCLUSION**

Defendant's conviction is affirmed.

**IT IS SO ORDERED**.

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**